IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DEMARIO LASHUN HANKINS
a/k/a Demar Bey                                                                    PLAINTIFF

v.                                         Case No. 4:24-cv-4119

WILLIAM J. BRYANT; RICHARD TURNER;
JEFFIE WALKER; PENNY KILCREASE;
CHRISTIAN STUDDARD; TROOPER DALE
YOUNG; JUDGE THOMAS POTTER; DAVID
COTTEN; KEITH MOORE; JOSHUA
PENDERGRASS; JUDGE CARLTON JONES;
MARY PANKEY; DONALD LOWREY;
CALEB YOUNG; STEPHEN KING; CHELSEA
FOSTER; LISA DAVIDSON; CAPTIAN GOLDEN
ADAMS; and SHERIFF DAVID WAYNE EASLEY                           DEFENDANTS

**ORDER**

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable

Spencer G. Singleton, United States Magistrate Judge for the Western District of Arkansas.  ECF

No. 64.  Plaintiff Demario Lashun Hankins has objected to the R&R.  ECF No. 71.  The Court

finds the matter ripe for consideration.

**I. BACKGROUND**

On December 3, 2024, Plaintiff initiated this action with his initial Complaint (ECF No. 2)

before subsequently filing his Amended Complaint (ECF No. 43), which is the operative complaint

in this matter.  Plaintiff brings claims against Defendants pursuant to 42 U.S.C. § 1983 for alleged

deprivations of various constitutional rights related to his arrest in Texarkana, Texas, his time in

the Miller County, Arkansas Detention Center ("MCDC") after arrest, his initial court appearance,

and his eventual plea agreement.  ECF No. 43, p. 7-35.  Plaintiff also attempted to file an

Addendum which sought to further amend his pleading to add claims under the Americans with

Disabilities Act ("ADA").  ECF No. 55.  The Court struck the Addendum and did not permit Plaintiff to amend as he requested, resulting in Plaintiff's § 1983 claims continuing to be the only claims he brings in this action.  ECF No. 69.

On May 6, 2025, Separate Defendants Penny Kilcrease ("Kilcrease") and Jeffie Walker ("Walker") (collective, "Movants") filed their Motion to Dismiss.  ECF No. 46.  Movants argue that Plaintiff fails to allege sufficient facts to state any § 1983 claim against them and that the claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff opposed the motion, arguing that he has sufficiently stated his claims against these Defendants.  ECF No. 52.  On November 10, 2025, Judge Singleton issued the instant R&R which recommends that Movants' motion to dismiss be granted.  ECF No. 64.  Plaintiff filed a timely objection to the R&R, contending that every basis of Judge Singleton's conclusion claim is flawed.  ECF No. 71.

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Standard

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This requirement gives "the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A party may move to dismiss an individual claim or an entire pleading for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).

"To meet Rule 8's standard and survive a motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 757 (8th Cir. 2021) (quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009).  The factual allegations of a complaint are assumed true and all reasonable inferences are drawn in the plaintiff's favor, "even if it strikes a savvy judge that actual proof of those facts is improbable."  *Twombly*, 550 U.S. at 555-56.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 662 (internal citations and alterations omitted) (quoting *Twombly*, 550 U.S. at 555, 557).  "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Starr v. Bland*, 2022 WL 711304, at *1 (8th Cir. 2022) (quotation omitted).

### B. R&R Review Standard

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.1(VII)(C).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger de novo review.  *Thompson v. Nix*, 897 F.2d

356, 358-59 (8th Cir. 1990). "When conducting a de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citations omitted). Just as a court must apply a liberal construction to pro se complaints, *see Erickson v. Pardus*, 551 U.S. 89, 95 (2007), the Court applies a liberal construction when determining whether pro se objections are specific, *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

In this instance, Plaintiff's objections are sufficiently specific to require a de novo review of Movants' motion to dismiss and Judge Singleton's R&R.

### III. DISCUSSION

Judge Singleton determines that, for various reasons, Plaintiff has failed to state a cognizable claim against either Defendant Kilcrease or Defendant Walker and consequently recommends that the Court grant Movants' motion. The Court's analysis will follow the general structure of the R&R in addressing the motion to dismiss. Though Plaintiff's objection does not adhere to that same structure, the Court will reference the relevant arguments for whichever issue it is addressing. The Court again notes that it rejected Plaintiff's attempt to add ADA claims to this action. Thus, Plaintiff's objections centered on ADA claims are irrelevant to this Order.

#### 1. § 1983 Generally

Title 42 U.S.C. § 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under § 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Claims brought pursuant to § 1983 can be against a defendant in their individual or official capacity. *Gorman v.*

4

*Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Id*. Individual capacity claims are those which are alleged against the individual actions of a defendant during the course of their duties. *Id*. Individual liability for a §1983 individual capacity claim "requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007).

### 2. Defendant Kilcrease

Plaintiff includes a "Factual Background" section in his Amended Complaint that recounts the broad factual contours of his claims, but it does not directly name Kilcrease. ECF No. 43, p. 6-7. Relevant to Kilcrease is the general allegation that officials entered a forged document into the official Miller County Circuit Court records regarding his initial appearance after arrest. In a section of the Amended Complaint listing each named Defendant, Plaintiff specifically states that "Court Clerk Penny Kilcrease is or was a court official responsible for processing legal filings. She is sued in her individual capacity for issuing improper notices, mishandling court documentation, and contributing to procedural irregularities." *Id*. at p. 5. When specifically enumerating each claim, Plaintiff includes Kilcrease in the following Counts: Count V – Denial of Due Process, Count IX – Denial of Procedural and Substantive Due Process, and Count X – Fraud on the Court and Civil Conspiracy to Obstruct Justice. *Id*. at pp. 26-27, 33-35. Each claim against Kilcrease centers around identical factual allegations, which are most specifically outlined in Count V and allege that Kilcrease "processed forged or falsified documents" and "accepted a falsified signature . . . without any verification or authentication and allowed the document to be entered into the official court record[.]" *Id*. at p. 27. Most relevant to this Order, Plaintiff asserts

that Kilcrease's actions injured him by denying him a fair proceeding and subjecting him to a felony conviction and continued incarceration. *Id*. at pp. 27, 34-35.

Movants broadly argue that the allegations against Kilcrease are too vague to sufficiently state any cause of action and give notice as to what claim Plaintiff attempts to bring. ECF No. 47, p. 4. Movants also contend that all claims against Kilcrease are barred by the *Heck* doctrine because Plaintiff has not demonstrated that his conviction has been overturned or invalidated. In response, Plaintiff asserts that his allegations regarding the forged documents are sufficient to state a due process violation against Kilcrease. ECF No. 52, p. 3-4. Plaintiff also asserts that the doctrine of judicial immunity does not extend to Kilcrease. Plaintiff then disputes that *Heck* bars his claims, arguing that his claims attack the conduct of Kilcrease and that they will not necessarily invalidate his conviction if he prevails because the relief he seeks is prospective.

In the instant R&R, Judge Singleton notes that each claim against Kilcrease rests on the same factual allegations and therefore collectively analyzes the claims against the grounds for dismissal. The Court agrees with that approach and will structure its analysis in the same manner.

### A. *Heck* Doctrine

The *Heck* doctrine requires dismissal of a § 1983 claim if a plaintiff prevailing would "necessarily imply the invalidity of his conviction or sentence" and the plaintiff has failed to show that the "conviction or sentence has been reversed on direct appeal" or has been invalidated in another manner, such as through issuance of a writ of habeas corpus. *Mitchell v. Kirchmeier*, 28 F.4th 888, 895 (8th Cir. 2022) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). Courts have "labeled the requirement to prove that the conviction or sentence has already been invalidated the 'favorable-termination' requirement." *Id*. (internal quotation omitted). The essence of the § 1983 claim and the unavoidable impact of success controls the application of *Heck*, not the stated

6

form of relief sought by a plaintiff. *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (citations omitted).

Judge Singleton concludes that the *Heck* doctrine currently bars any of Plaintiff's claims against Kilcrease. ECF No. 64, p. 10-13. Judge Singleton first notes that Plaintiff's claims all functionally allege that he was denied due process, which consequently resulted in his plea agreement, conviction, and current sentence of parole. Judge Singleton reasons that success on such claims would inevitably result in his conviction and sentence being invalidated. He then notes that Plaintiff has not shown that his conviction has been invalidated. Judge Singleton also reasons that Plaintiff's citation to *Wilkinson v. Dotson*, 544 U.S. 74 (2005) to support the assertion that Plaintiff seeks prospective relief is not persuasive because the harm to be undone, the conviction and sentence, has already occurred and is ongoing. Therefore, Judge Singleton recommends that Plaintiff's individual capacity claims against Kilcrease be dismissed pursuant to the *Heck* doctrine.

In objection, Plaintiff makes scattered arguments that the R&R misapplies the *Heck* doctrine to his claims against Kilcrease. ECF No. 71, pp. 3-10. Plaintiff first contends that he is currently seeking to overturn his conviction, which should permit his claims to proceed. Plaintiff then asserts that the nature of the due process and fraud on the court claims should also override any *Heck* barrier. Plaintiff also contends that his claims simply attack the unconstitutional conduct and process leading to his conviction and not the conviction itself, which removes *Heck* as a barrier for these claims.

Upon review, the Court finds that Judge Singleton's conclusion is correct. Plaintiff's claims against Kilcrease specifically allege that her conduct deprived him of a fair proceeding and resulted in his conviction and current sentence. ECF No. 43, pp. 27, 34-35. Despite Plaintiff's

argument that he merely attacks the process and not the outcome, prevailing on the claims against Kilcrease as Plaintiff has articulated them would inherently result in the outcome of that unconstitutional process being invalidated.  Without complying with the "favorable-termination" requirement, such a § 1983 claim cannot proceed.  *Kirchmeier*, 28 F.4th at 895.  Further, Plaintiff has cited no support for his assertions that either an unfinished attempt to invalidate his conviction or the nature of his claim provides an exception to the application of the *Heck* doctrine.  Accordingly, the Court will adopt this aspect of the R&R and grant Movants' request to dismiss the claims against Kilcrease.

### 2. Quasi-Judicial Immunity

Though not asserted by Movants in their motion to dismiss, Plaintiff argues in response that Kilcrease is not entitled to quasi-judicial immunity for his claims.  ECF No. 52, p. 5.  Plaintiff contends that Kilcrease's alleged conduct was not a judicial act, but rather a ministerial act which permits no discretion and thus does not benefit from immunity.  In the R&R, Judge Singleton determines that quasi-judicial immunity applies to the claims against Kilcrease.  ECF No. 64, p. 13-15.  Judge Singleton reasons that Kilcrease's alleged actions, filing certain court documents in her role as a Clerk, is the type of integral function in the judicial process that is protected by such immunity.  Thus, Judge Singleton recommends that quasi-judicial immunity be a separate basis for granting Movants' request to dismiss the claims against Kilcrease.

In objecting to this aspect of the R&R, Plaintiff argues that quasi-judicial immunity does not apply to Kilcrease's alleged conduct.  ECF No. 71, p. 14-15.  Citing *Forrester v. White*, 484 U.S. 219 (1988), Plaintiff contends that the nature of Kilcrease's conduct entailed administrative

or ministerial functions that do not fall under the umbrella of quasi-judicial immunity.  Plaintiff also criticizes the R&R for raising this immunity issue when it was not asserted by Movants.[1]

Judges are typically immune from suit unless the claims are for non-judicial actions or if the claims are for "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citation omitted).  "When judicial immunity is extended to officials other than judges, it is because their judgments are 'functional[ly] comparab[le]' to those of judges – that is, because they, too, 'exercise a discretionary judgment' as a part of their function." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) (quotation omitted) (alteration in original).  "For court clerks, absolute immunity has been extended to acts that are discretionary, taken at the direction of a judge, or taken according to court rules." *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 928 (8th Cir. 2020) (citations omitted).

The Court cannot determine whether Kilcrease is entitled to quasi-judicial immunity. There is insufficient information in the Amended Complaint to determine if Kilcrease's alleged conduct was discretionary, taken at the direction of a judge, or taken according to a court rule. *See id*.  Thus, the Court will not rely upon quasi-judicial immunity when adopting the R&R and dismissing the individual capacity claims against Kilcrease.  Because the Court determined above that all claims against Kilcrease are currently barred by the *Heck* doctrine, these claims will only be dismissed without prejudice.

**3. Defendant Walker**

It is more difficult to ascertain the claims Plaintiff brings against Walker.  After the case heading, Walker's name only appears twice in the remainder of the Amended Complaint.  The first is in the listed Defendants section, which states that Walker was the administrator of the MCDC

---

[1] Plaintiff also erroneously criticizes the R&R for its recommendations regarding qualified immunity, even though qualified immunity was never raised in the R&R or in Movants' motion to dismiss.

and "is sued in her individual capacity for supervising correctional staff who violated Plaintiffs rights, denying access to counsel, and obstructing administrative grievances."  ECF No. 43, p. 5. The second mention is in the broad "Constitutional Violations" section, which mentions Walker under the "Fourteenth Amendment Violations – Due Process and Equal Protection" subheading. *Id.* at p. 9.  Specifically, it asserts that Walker "willfully suppressed key exculpatory documents . . . depriving Plaintiff of a fair trial."  *Id.*  Plaintiff does not mention Walker in the enumerated "Counts" section as he did for Kilcrease.  Judge Singleton interprets the Amended Complaint as intending to assert claims against Walker for denial of counsel, obstruction of the MCDC grievance procedure, supervising the MCDC staff that allegedly violated Plaintiff's constitutional rights, and suppressing exculpatory evidence.  The Court finds that this assessment is the most logical and will address these claims in turn.

Movants primarily argue that the claims against Walker fail because Plaintiff's allegations are limited to merely asserting that Walker is liable as a supervisor without any further factual allegations of knowledge or involvement in other alleged violations.  ECF No. 47, p. 2-4.  Movants also contend that Plaintiff did not yet have a right to counsel during his time in the MCDC prior to the initiation of adversarial proceedings, that his denial of counsel claim would nevertheless be barred under the *Heck* doctrine, and that there is no constitutional right to a jail grievance procedure.  In response, Plaintiff first argues that he alleged sufficient facts to state a claim for supervisory liability against Walker.  ECF No. 52, p. 2.  He further argues that *Heck* is not applicable because some of the supervisory conduct involved constitutional violations untethered to his conviction, because he attacks unconstitutional processes and not necessarily the outcomes, and because he seeks prospective relief.  *Id.* at p. 5-6.

### 1. Denial of Counsel

Plaintiff's most specific allegation regarding denial of counsel does not name Walker but states that Plaintiff "was never afforded the right to speak with legal counsel prior to being charged, fingerprinted, or appearing before a judicial officer." *Id*. at p. 8. Plaintiff continues by adding that he was "placed in solitary confinement, denied telephone access, and prevented from contacting a lawyer or family during the critical early phase of his arrest and detention." *Id*.

"The Sixth Amendment provides '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence.'" *Texas v. Cobb*, 532 U.S. 162, 167 (2001) (alteration in original). The right to counsel "does not attach until a prosecution is commenced." *United States v. Waits*, 919 F.3d 1090, 1094 (8th Cir. 2019) (citation omitted). A prosecution is commenced and the right to counsel attaches "at the first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty." *Rothgery v. Gillespie Cnty., Tex*, 554 U.S. 191, 194 (2008).

Judge Singleton determines that Plaintiff has failed to allege facts sufficient to state a claim for denial of counsel. ECF No. 64, p. 16. Noting that all of Plaintiff's allegations of being denied counsel relate to his initial arrest and detention prior to the initiation of any judicial processes, Judge Singleton concludes that the facts cannot state a claim for violation of the right to counsel against Walker. Thus, Judge Singleton recommends that this claim be dismissed. In objection, Plaintiff argues that his alleged lack of access to counsel during post-arrest detention while no criminal charges had been filed constitutes a functional denial of his right to counsel. ECF No. 71, p. 12-14. Specifically, Plaintiff asserts that his denial of counsel claim "arises from pre-conviction and pre-indictment conduct[.]" *Id*. at p. 14.

The Court finds that Judge Singleton's assessment is correct. All of Plaintiff's allegations involve denial of counsel during his initial detainment and prior to the initiation of any prosecutorial proceedings. Plaintiff's objection confirms that his claim is based upon this pre-prosecution period. There is no right to counsel until a prosecution begins. *See Rothgery*, 554 U.S. at 194. Accordingly, the Court will adopt this aspect of Judge Singleton's R&R and dismiss the denial of counsel claim against Walker for failure to state a claim.

**2. Administrative Grievance Disruption**

Plaintiff's only allegation regarding administrative grievances or Walker's connection to the grievances is the assertion, without any further elaboration, that Walker obstructed Plaintiff's administrative grievances. ECF No. 43, p. 5. As noted earlier, Movants contend that Plaintiff failed to state a claim because there is no constitutional right to a prison grievance procedure. ECF No. 47, p. 3-4. Judge Singleton agrees with Movants that Plaintiff has failed to state a claim regarding grievance procedures because there is no recognized constitutional right to such procedures. ECF No. 64, p. 17-18. Plaintiff does not address this aspect of the R&R in his objection.

The Court finds that Judge Singleton's assessment is correct. There is no constitutional right for a detainee to have their jail grievances heard or responded to. *See Lombolt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (noting that there is no constitutional claim for denial of a grievance); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (stating that there is no violation of a constitutional right for failing to process grievances). Accordingly, the Court will adopt this aspect of Judge Singleton's R&R and dismiss this claim.

**3. Supervisory Liability**

Plaintiff asserts that he is suing Walker for "supervising correctional staff who violated

12

Plaintiff's rights[.]"  ECF No. 43, p. 5.  This is the extent of Plaintiff's allegations against Walker regarding her supervision of the MCDC.[2]  Movants argue that Plaintiff's supervisory claim against Walker is based entirely on Walker's position and not on any of her knowledge or conduct, which is inadequate to create liability for deprivation of a constitutional right.  ECF No. 47, p. 2-3.  In response, Plaintiff argues that his pleading affirmatively states that Walker ratified misconduct and failed to take action despite knowledge of the alleged violations.  ECF No. 52, pp. 3, 5.

Judge Singleton agrees with Movants, determining that the lack of any alleged facts regarding Walker's personal involvement in or knowledge of the other alleged constitutional violations is insufficient to state § 1983 claim related to Walker's supervisory role.  ECF No. 64, p. 18-20.  In objection, Plaintiff disputes that he did not allege facts connecting Walker to other alleged constitutional violations at the MCDC.  ECF No. 71, p. 6-7.

"To establish personal liability of the supervisory defendants, [a plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). A defendant's general responsibility of supervising a prison or detention facility is insufficient to establish individual involvement for a § 1983 claim.  *See Reynold v. Dormire*, 636 F.3d 976, 981 (8th Cir. 2011) (citing *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987)); *see also Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (noting that a supervisor "cannot be held liable under § 1983 on a theory of respondeat superior.").

The Court finds that Judge Singleton's analysis is correct.  The Amended Complaint only contains the bare assertion that Walker supervised others who violated Plaintiff's rights.  There are no further instances of Plaintiff mentioning Walker in relation to her supervisory role or allegations

---

[2] Plaintiff's Count VIII asserts a claim of supervisory liability for violations of the Eighth and Fourteenth Amendment, but only names Defendant Keith Moore.  ECF No. 43, p. 31.

that connect Walker's supervision to other alleged constitutional violations.  There are no details of how Walker's supervision allegedly contributed to or caused the violations, or any details of Walker's knowledge of any violations.  Though Plaintiff asserts he made such allegations, the objection cites to factual allegations that do not exist in the Amended Complaint, such as Walker having knowledge of Separate Defendant Christian Studdard's alleged use of excessive force and either failing to take corrective action or approving of the conduct.  ECF No. 71, p. 6.  Plaintiff's supervision claim against Walker relies entirely on Walker's position as a supervisor to create liability, which is inadequate for such a claim.  *See Dormire*, 636 F.3d at 981; *Langford*, 614 F.3d at 460.  Accordingly, the Court will adopt this aspect of Judge Singleton's R&R and dismiss this claim.

### 4. Suppression of Evidence

Plaintiff asserts that Walker "suppressed key exculpatory documents . . . thereby depriving Plaintiff of a fair trial."  ECF No. 43, p. 9.  This is the extent Plaintiff's specific mentions of Walker in relation to suppressing evidence, though other Defendants are similarly accused.  Movants assert that such a claim is barred by *Heck* because Plaintiff has failed to show that his conviction has been reversed or invalidated.  ECF No. 47, p. 4.  Judge Singleton agrees with Movants.  ECF No. 64, p. 20-22.  As he did for the claims against Kilcrease, Judge Singleton determines that success on this claim would necessarily invalidate Plaintiff's conviction.  Once again noting that Plaintiff failed to show that his conviction has been vacated, Judge Singleton reasons that this is the exact circumstance in which *Heck* bars a § 1983 claim and thus recommends that the claim be dismissed.  Plaintiff's objections to this recommendation are the same as those the Court found unpersuasive regarding the claims against Kilcrease.  ECF No. 43, pp. 3-6, 9.  Plaintiff also asserts that *Heck*

14

does not apply to this claim because it involves material suppressed prior to the initiation of adversarial proceedings. *Id*. at p. 15-16.

The Court finds that Judge Singleton's assessment is correct. The most specific statement Plaintiff makes regarding Walker suppressing exculpatory evidence is that it "depriv[ed] him of a fair trial." ECF No. 43, p. 9. A successful post-conviction claim alleging suppression of exculpatory evidence "necessarily yields evidence undermining a conviction: *Brady* evidence is, by definition, always favorable to the defendant and material to his guilt or punishment." *Skinner v. Switzer*, 562 U.S. 521, 536 (2011). "Accordingly, Brady claims have ranked within the traditional core of habeas corpus and outside the province of § 1983." *Id*. (citing *Heck*, 512 U.S. at 479, 490). Plaintiff's claim fundamentally challenges his conviction and he has not demonstrated that his conviction has been reversed or invalidated in some way. Consequently, this claim is barred and the Court will adopt Judge Singleton's recommendation to dismiss this claim. *See Kirchmeier*, 28 F.4th at 895.

### C. Official Capacity Claims & Miller County

The case heading and introduction section of Plaintiff's Amended Complaint indicates that he brings all § 1983 claims against Defendants in both their individual and official capacity. ECF No. 43, p. 1-2. More specific discussions of Kilcrease and Walker only mention suing them in their individual capacities. *Id*. at p. 5. Also, in the section dedicated to municipal liability, Plaintiff only names Defendants Kieth Moore and Sheriff Easley. *Id*. at p. 12-13. Movants argue that any official capacity claim fails because: 1) Plaintiff has not sufficiently alleged that any official policy or unofficial custom of Miller County resulted in the alleged constitutional violations committed by Movants, and 2) Plaintiff has failed to state a claim against Kilcrease or Walker for violations committed in their individual capacity. ECF No. 47, p. 5. In response, Plaintiff argues that he

sufficiently alleged that Miller County had widespread customs of permitting constitutional violations or failing to supervise, train, or discipline its staff.  ECF No. 52, p. 4.

Judge Singleton determines that Plaintiff has failed to state any official capacity claims against Kilcrease or Walker.  ECF No. 64, p. 22-24.  Judge Singleton first reasons that a liberal construction of the Amended Complaint and an abundance of caution warrants consideration of potential official capacity claims against Kilcrease and Walker.  Judge Singleton then notes that any official capacity claims against Movants automatically fail because Plaintiff failed to state any individual capacity claims against them.  Judge Singleton then determines that Plaintiff has also failed to sufficiently allege that a Miller County policy or custom was the cause of any alleged constitutional violation or that any violation resulted from the county's failure to train or supervise employees.  Thus, Judge Singleton recommends that any official capacity claim against Movants be dismissed.  In objection, Plaintiff argues that he clearly alleged that Kilcrease and Walker acted "pursuant to systemic jail customs and unconstitutional practices[.]"  ECF No. 71, p. 16.

The Court finds that Judge Singleton's assessment is correct.  The Court determined above that Plaintiff failed to state any individual capacity claims against Movants, which forecloses any official capacity claims against them.  *See Jones v. Faulkner Cnty., Ark.*, 131 F.4th 869, 876 (8th Cir. 2025) (noting that there cannot be municipal liability without a constitutional violation by an individual defendant).  Further, any official capacity claim against Movants fails because the factual allegations are insufficient to indicate what policy or custom, if any, was the "moving force" behind the Movants' alleged constitutional violation.  *Schaffer v. Beringer*, 842 F.3d 585, 596 (8th Cir. 2016) (quotation omitted).  The best Plaintiff offers are vague and conclusory statements that never tie any specific policy or custom to the conduct of either Kilcrease or Walker.

16

Accordingly, the Court will adopt this aspect of the R&R and dismiss Plaintiff's official capacity claims against the Movants.

### IV. CONCLUSION

For the reasons stated above, the Court hereby **adopts** Judge Singleton's R&R (ECF No. 64) in toto. Accordingly, Movants' Motion to Dismiss (ECF No. 46) is **GRANTED**. Plaintiff's claims against Defendants Kilcrease and Walker in their individual and official capacities are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 23rd day of March, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge