IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DEMARIO LASHUN HANKINS
a/k/a Demar Bey                                                                    PLAINTIFF

v.                                          Case No. 4:24-cv-4119

WILLIAM J. BRYANT; RICHARD TURNER;
CHRISTIAN STUDDARD; TROOPER DALE
YOUNG; JUDGE THOMAS POTTER; DAVID
COTTEN; KEITH MOORE; JOSHUA
PENDERGRASS; JUDGE CARLTON JONES;
MARY PANKEY; DONALD LOWREY;
CALEB YOUNG; STEPHEN KING; CHELSEA
FOSTER; LISA DAVIDSON; CAPTIAN GOLDEN
ADAMS; and SHERIFF DAVID WAYNE EASLEY            DEFENDANTS

## <u>ORDER</u>

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Spencer G. Singleton, United States Magistrate Judge for the Western District of Arkansas.  ECF No. 65.  Plaintiff filed timely objections.  ECF No. 72.  The Court finds the matter ripe for consideration.

### I. BACKGROUND

On December 3, 2024, Plaintiff initiated this action with his initial Complaint (ECF No. 2) before subsequently filing his Amended Complaint (ECF No. 43), which is the operative complaint in this matter.  Plaintiff brings claims against Defendants pursuant to 42 U.S.C. §§ 1981, 1983, and 1985 for alleged deprivations of various constitutional rights related to his arrest in Texarkana, Texas, his time in the Miller County, Arkansas Detention Center ("MCDC") after arrest, his initial court appearance, and his eventual plea agreement and sentence.  ECF No. 43, p. 7-35.  Plaintiff's time in the MCDC resulted in Plaintiff being charged with a Second Degree Battery in relation to

an alleged physical altercation between him and Separate Defendant Christian Studdard. Plaintiff eventually pled guilty to that charge. Plaintiff seeks declaratory relief, injunctive relief, compensatory damages, and punitive damages, along with any fees and costs.[1]

On May 14, 2025, Separate Defendants William Bryant ("Bryant"), Trooper Dale Young ("Trooper Young"), Prosecutor David Cotten[2] ("Cotten"), Judge Thomas Potter ("Potter"), and Judge Carlton Jones ("Jones") (collectively ("Movants") filed their Motion to Dismiss and brief in support. ECF Nos. 50 & 51. Movants argue that all claims against them should be dismissed for various reasons, such as common law immunities. Plaintiff responded in opposition and disputes that the various grounds for dismissal put forth by Movants are meritorious. ECF No. 53. In the instant R&R, Judge Singleton recommends that Movants' motion be granted in part, with the individual capacity claims against Trooper Young being permitted to proceed and all other claims being dismissed. ECF No. 65. Plaintiff filed timely objections asserting that Judge Singleton's reasoning for every recommendation is flawed. ECF No. 72.

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Standard

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement gives "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A party may move to dismiss an individual claim or an entire pleading for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).

---

[1] Plaintiff also attempted to file an Addendum which sought to further amend his pleading to add claims under the Americans with Disabilities Act ("ADA"). ECF No. 55. The Court struck the Addendum and did not permit Plaintiff to amend as he requested, resulting in Plaintiff's § 1981, § 1983, and § 1985 claims continuing to be the only claims he brings in this action. ECF No. 69.

[2] Though Plaintiff spelled Defendant Cotten's name as "Cotton" in his Amended Complaint, Movants' Motion to Dismiss and Plaintiff's Response and Objections indicate that Cotten is the correct name of the party.

"To meet Rule 8's standard and survive a motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 757 (8th Cir. 2021) (quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations of a complaint are assumed true and all reasonable inferences are drawn in the plaintiff's favor, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 555-56. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 662 (internal citations and alterations omitted) (quoting *Twombly*, 550 U.S. at 555, 557). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Starr v. Bland*, 2022 WL 711304, at *1 (8th Cir. 2022) (quotation omitted).

**B. R&R Review Standard**

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.1(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger de novo review.  *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  "When conducting a de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citations omitted). Just as a court must apply a liberal construction to pro se complaints, *see Erickson v. Pardus*, 551 U.S. 89, 95 (2007), the Court applies a liberal construction when determining whether pro se objections are specific,  *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

Plaintiff makes a plethora of scattered objections, some of which the Court finds are sufficiently specific to require a de novo review of most aspects of the R&R.  The Court will make it clear when it is limiting its review of a recommendation for clear error.

### III. DISCUSSION

Plaintiff brings several claims against Movants that the Court will first outline below. The Court will then address the analysis and recommendations of the R&R.

**A. Claims**

**1. Defendant Bryant**

Plaintiff lists Defendant Bryant in the case heading specifying that he is suing him in his individual and official capacity.  ECF No. 43, p. 1.  However, Bryant is never mentioned throughout the remainder of the Amended Complaint.

### 2. Defendant Trooper Young

In the "Defendants" section of the Amended Complaint, Plaintiff states that Defendant Trooper Young is an Arkansas State Trooper who allegedly unlawfully stopped and arrested Plaintiff in Texas beyond his jurisdiction, racially profiled Plaintiff, and fabricated charges against Plaintiff.  ECF No. 43, p. 4.  Plaintiff states that he is suing Trooper Young in his individual capacity.  In the "Factual Background" section, Plaintiff states that Trooper Young arrested him for a minor traffic violation without jurisdiction and illegally transported him to the MCDC in Arkansas.  *Id*. at p. 6.  In the "Constitutional Violations" section, Plaintiff asserts that Trooper Young's arrest was an unlawful seizure in violation of the Fourth Amendment.  *Id*. at p. 7.  Later, Plaintiff asserts that Trooper Young's decisions to initiate the traffic stop and arrest Plaintiff demonstrate racial bias in violation of the Equal Protection Clause of the Fourteenth Amendment. *Id*. at p. 10.

In the section enumerating the actual claims, Plaintiff names Trooper Young in Count I, Count VI, and Count VII.  Plaintiff brings Count I pursuant to § 1983 and alleges violations of his Fourth Amendment rights against several Defendants.  *Id*. at p. 13-17.  For Trooper Young, Plaintiff alleges that Trooper Young initiated a traffic stop and arrest in Texas without jurisdiction or authority before illegally transporting Plaintiff to the MCDC in Arkansas.  Plaintiff asserts that this conduct violated his Fourth Amendment right to be free from unreasonable seizures.  Plaintiff brings Count VI pursuant to § 1981 and alleges that several Defendants engaged in unconstitutional racial discrimination.  *Id*. at p. 29-30.  Plaintiff, who is Black, asserts that the circumstances surrounding Trooper Young's traffic stop, arrest, and relocation of Plaintiff, added to the eventual prosecution, demonstrate racial animus and discrimination on the part of Trooper Young.  Plaintiff brings Count VII pursuant to § 1983 and § 1985 and alleges that all Defendants

engaged in a conspiracy to violate Plaintiff's civil rights. *Id*. at p. 30-31. Plaintiff alleges that Trooper Young's traffic stop, arrest, and transport were actions done in furtherance of the conspiracy.

### 3. Defendant Cotten

In the "Defendants" section, Plaintiff states that Defendant Cotten is a "Miller County Prosecutor . . . sued in his individual capacity for prosecuting Plaintiff based on fabricated evidence and failing to disclose exculpatory evidence[.]" *Id*. at p. 5. In the "Factual Background" section, Plaintiff states that Cotten "took deliberate actions to deprive Plaintiff of due process, deny reasonable bail, and suppress evidence." *Id*. at 6. Plaintiff also states that he was never given a "valid first judicial" appearance and that the document logging his initial judicial appearance and entered into the Miller County Court records was forged. In the "Constitutional Violations" section, Plaintiff asserts that Cotten violated his Fifth Amendment right to due process by conspiring with Defendant Potter to generate a false document logging Plaintiff's initial appearance. *Id*. at p. 8. Plaintiff also asserts that Cotten violated his Sixth Amendment right to confront witnesses by not permitting Plaintiff to confront or cross-examine witnesses for his traffic violation or additional felony charge. *Id*. Plaintiff further asserts that Cotten violated his Fourteenth Amendment right to due process by suppressing exculpatory evidence and depriving Plaintiff of a fair trial. *Id*. at p. 9.

Plaintiff names Cotten in Count IV, Count V, Count VI, Count VII, Count IX, and Count X. Plaintiff brings Count IV pursuant to § 1983 and broadly alleges violations of the Fourth and Fourteenth Amendments against several Defendants through malicious prosecution and fabrication of evidence. *Id*. at p. 24-25. Plaintiff specifically alleges that Cotton suppressed exculpatory evidence relevant to Plaintiff's felony charges, participated in the filing of a forged

document regarding Plaintiff's non-existent initial judicial appearance, and applied improper duress during plea negotiations. Plaintiff brings Count V pursuant to § 1983 and broadly alleges denial of due process in violation of the Fifth and Fourteenth Amendments. *Id*. at p. 26-28. Cotten is listed in the heading for Count V but no specific allegations are made below. However, the allegations within Count V relate to the allegedly forged document mentioned in Count IV. Plaintiff brings Count VI pursuant to § 1981 for racial discrimination in violation of the Fourteenth Amendment. *Id*. at p. 29-30. Plaintiff specifically alleges that Cotten proceeding with felony charges despite knowing of exculpatory evidence reveals racially discriminatory intent. Plaintiff brings Count VII pursuant to § 1983 and § 1985 and broadly alleges a conspiracy to violate civil rights. *Id*. at p. 30-31. Plaintiff specifically alleges that Cotten participated in this conspiracy by pursuing a prosecution against Plaintiff despite knowledge of exculpatory evidence. Plaintiff brings Count IX pursuant to § 1983 and broadly alleges denial of procedural and substantive due process in violation of the Fifth and Fourteenth Amendment. *Id*. at p. 33-34. The allegations for Count IX reiterate previous allegations about a falsified record of Plaintiff's initial appearance being entered into the Miller County court records. Plaintiff brings Count X pursuant to § 1983 and § 1985 and broadly alleges fraud on the court and civil conspiracy to obstruct justice. *Id*. at p. 34-35. Plaintiff alleges that Cotten and several other Defendants engaged in a coordinated scheme to deprive Plaintiff of his constitutional rights through the conduct described in Plaintiff's other claims.

### 4. Defendant Potter

In the "Defendants" section, Plaintiff states that Defendant Potter is a Miller County District Judge who presided over Plaintiff's initial appearance. *Id*. at p. 4. Plaintiff states that he is suing Potter in his individual capacity for "administrative misconduct, fabrication of court

records, and conspiratorial coordination with prosecutors." In the "Factual Background Section", Plaintiff states that Potter "took deliberate actions to deprive Plaintiff of due process, deny reasonable bail, and suppress evidence" and that Plaintiff was "never afforded a valid first judicial appearance." *Id*. at p. 6. In the "Constitutional Violations" section, Plaintiff first asserts that Potter violated his Fifth Amendment right to due process through the filing of forged judicial records. *Id*. at p. 8. Plaintiff also asserts Potter violated his Sixth Amendment right to confront and cross examine witnesses for his traffic violation and felony charge. Plaintiff then asserts that Potter violated his Eighth Amendment right to be free from excessive bail. Lastly, Plaintiff asserts that Potter violated his Fourteenth Amendment right to due process and equal protection by entering the forged initial appearance document into the record. *Id*. at p. 9-10.

Plaintiff names Potter in Count V, Count VI, Count IX, and Count X. Count V asserts denial of due process and specifically alleges that Potter failed to ensure a timely initial appearance, allowed a forged document of an initial appearance be entered into the record, and imposed excessive bail. *Id*. at p. 26-28. Count VI asserts unconstitutional racial discrimination and specifically alleges that Potter's deviation from standard procedures and acceptance of forged documentation demonstrates racial bias against Plaintiff. *Id*. at p. 29-30. Count IX asserts denial of substantive and procedural due process and makes no specific allegation against Potter, though it does reiterate prior allegations regarding a forged document logging Plaintiff's initial appearance. *Id*. at p. 33-34. Count X asserts fraud on the court and civil conspiracy to obstruct justice while specifically alleging that Potter ratified the entry of the forged initial appearance document into the court record. *Id*. at p. 34-35.

### 5. Defendant Jones

In the "Defendants" section, Plaintiff states that Defendant Jones was the judge presiding

over Plaintiff's sentencing and probation proceedings. *Id.* at p. 5. Plaintiff further states that he is suing Jones "in his individual capacity for upholding and executing unconstitutional proceedings without addressing jurisdictional defects or misconduct." In the "Factual Background" section, Plaintiff states that Jones "took deliberate actions to deprive Plaintiff of due process, deny reasonable bail, and suppress evidence." *Id.* at p. 6.

Plaintiff names Jones in Count V, which broadly asserts violations of his right to due process against several Defendants. *Id.* at p. 26-28. Regarding Jones, Plaintiff specifically alleges Jones:

> [A]ccepted jurisdiction and oversaw proceedings based on a record tainted by fabrication, coercion, and judicial misconduct. Despite knowledge of irregularities-including the absence of a first appearance, excessive force allegations, and falsified charging documents — Judge Jones allowed the prosecution to proceed to plea negotiations without ever revisiting the integrity of the process or holding an evidentiary review.

*Id.* at p. 27. Plaintiff brings Count VII against all Defendants pursuant to § 1983 and § 1985 and broadly asserts that all other alleged constitutional violations were the result of a conspiracy amongst the Defendants. *Id.* at p. 30-31. Though Plaintiff does not mention Jones by name when outlining Count VII, he does state that "Judges and clerks" supported the conspiracy by "ratif[ying] false documents and permit[ing] irregular processes." Under a liberal construction, the Court finds that this is sufficient to include Jones in this claim through reference to allegations similar to those in Count V.

**B. Lack of Allegations Against Bryant**

Movants argue that Plaintiff has clearly failed to state a claim against Bryant because the Amended Complaint contains no factual allegations against him. ECF No. 51, p. 11-12. In response, Plaintiff never addresses Defendant Bryant apart from broadly arguing that he sufficiently states every claim in the Amended Complaint. ECF No. 53. In the R&R, Judge

Singleton determines that the complete absence of factual allegations against Bryant is a clear failure to state a claim and recommends that Bryant be dismissed for such failure. ECF No. 65, p. 36-37. Plaintiff does not address this aspect of the R&R or ever mention Bryant in his objections. Upon review, the Court finds no clear error on the face of the record and that Judge Singleton's reasoning is sound as to this recommendation. Accordingly, the Court will adopt this recommendation and dismiss Bryant from this action for Plaintiff's failure to state a claim against him. *See Krynch v. Hvass*, 83 Fed. App'x 854, 855 (8th Cir. 2003) (finding that only listing an individual in a complaint without additional factual allegations of their personal involvement in an asserted constitutional violation is inadequate to state a claim).

### C. Sovereign Immunity

Movants argue that any official capacity claims against them must be dismissed because they are barred by sovereign immunity. ECF No. 51, p. 10-11. Movants contend that their status as employees of the State of Arkansas functionally renders any official capacity claim as one against Arkansas itself, which is barred by sovereign immunity under the Eleventh Amendment. In response, Plaintiff argues that his claims fall into the exception to sovereign immunity outlined in *Ex Parte Young*, 209 U.S. 123 (1908) for when a plaintiff seeks prospective relief. ECF No. 53, p. 7-8. Judge Singleton determines that any official capacity claims are barred by sovereign immunity because Plaintiff seeks declaratory relief that would render his past conviction and sentence unconstitutional, which is not the prospective relief specified in *Ex Parte Young*. ECF No. 65, p. 34-35.

Plaintiff does not make a specific object to this aspect of the R&R. The closest that Plaintiff comes to addressing this issue is his general assertion that he did properly assert official capacity claims. ECF No. 72, p. 3. Upon review, the Court finds no clear error on the face of the record

and that Judge Singleton's reasoning is sound as to this recommendation. Accordingly, the Court will adopt this recommendation and dismiss all official capacity claims against Movants with prejudice for being barred by sovereign immunity.

### D. Prosecutorial Immunity

Movants argue that all claims against Defendant Cotten are barred by absolute prosecutorial immunity. ECF No. 51, p. 8-9. Movants contend that Cotten's alleged actions underlying Plaintiff's claims were associated with his prosecutorial duties, which makes him immune from suit for those actions. In response, Plaintiff argues that absolute immunity does not apply because Cotten's alleged actions were investigatory or administrative in nature and are outside of the protection of absolute immunity. ECF No. 53, p. 6-7.

Judge Singleton determines that Cotten is entitled to absolute immunity for every claim against him. ECF No. 65, p. 26-30. As to Count IV and Count IX, which involve allegations of suppressing evidence, being complicit in filing a false document on the record, and creating duress during plea negotiation, Judge Singleton reasons that each alleged action was taken during the judicial phase of Plaintiff's prosecution and that Cotten is entitled to absolute immunity. For Count V, Judge Singleton determines that Plaintiff's failure to make specific allegations against Cotten after naming him in the Count heading indicates that Plaintiff failed to state a claim against Cotten for Count V. However, the Court interprets this claim as indirectly including Cotten within the scope of its allegations. Regarding Count VI, which asserts racial discrimination in charging Plaintiff with a felony, Judge Singleton reasons that charging decisions, no matter their motive or intent, are core prosecutorial actions that are protected by absolute immunity. For Counts VII and X, which assert a conspiracy to violate constitutional rights, Judge Singleton reasons that all alleged actions by Cotten in the alleged conspiracy consisted of otherwise immune acts, which

results in Cotten receiving absolute immunity against any conspiracy claim.  Thus, Judge Singleton recommends that all claims against Cotten be dismissed.

Plaintiff contests the application of absolute immunity to Cotten in several arguments scattered throughout his objections.  ECF No. 72, pp. 4, 9-10, 14-15.  Plaintiff argues that Cotten's conduct, "ratifying fabricated incident reports, failing to correct a knowingly false statement, ignoring [exculpatory] evidence, and proceeding without probable cause," were investigative functions that fell outside of his prosecutorial duties and do not benefit from absolute immunity. Plaintiff also emphasizes that fabrication of evidence has been recognized as a non-prosecutorial action that can be the basis of a cognizable § 1983 claim.  Plaintiff's objections are sufficient to require a de novo review of this aspect of Judge Singleton's R&R.

"The Supreme Court has long recognized that 'prosecutors are absolutely immune from liability under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process."'"  *Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (internal quotations omitted).  "This immunity extends to 'actions preliminary to the initiation of a prosecution and actions apart from the courtroom' but not to 'administrative duties and those investigatory functions that do not relate to . . . the initiation of a prosecution or for judicial proceedings.'"  *Id*. (quotation omitted).  "Allegations of unethical conduct and improper motive in the performance of prosecutorial functions do not defeat the protection of absolute immunity."  *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016).  Absolute immunity applies to accusations of suppressing exculpatory evidence or knowingly presenting "false, misleading, or perjured testimony[.]"  *Woodworth*, 891 F.3d at 1089 (quotation omitted).  Absolute immunity will not apply "when a prosecutor gives advice to police during a criminal investigation, when the

12

prosecutor makes statements to the press, or when a prosecutor acts as a complaining witness in support of a warrant application[.]" *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (internal citations omitted).

Upon review, the Court finds that Judge Singleton's conclusion is correct. All the conduct alleged by Plaintiff against Cotten is tied to Cotten's prosecutorial functions. Despite Plaintiff's assertions to the contrary, none of the alleged actions taken by Cotten consisted of investigatory actions. The conduct consists of the decision to bring charges, the presentation of evidence once the prosecutorial process had started, the suppression of exculpatory evidence, the submission of documents into the Miller County court records, and the negotiation of a plea agreement. These actions are either core prosecutorial functions or intimately associated with those function and are protected by absolute immunity. *See Woodworth*, 891 F.3d at 1089. That Cotten's alleged conduct was unethical, malicious, or dishonest does not alter this protection. *See Sample*, 836 F.3d at 916. Further, Cotten is absolutely immune to the conspiracy claims in Count VII and X because they rely upon allegations of absolutely immune prosecutorial conduct. *See id.* (noting that the Eighth Circuit has previously held that "a prosecutor is absolutely immune from a civil conspiracy charge when his alleged participation in the conspiracy consists of otherwise immune acts"). Accordingly, the Court will adopt this aspect of Judge Singleton's R&R and dismiss the claims against Cotten with prejudice.

### E. Judicial Immunity

Movants argue that Potter and Jones are entitled to absolute judicial immunity for Plaintiff's claims. ECF No. 51, p. 8. Movants contend that the claims against Potter and Jones rely upon allegations of actions that each took in their judicial roles, which provides them absolute immunity even if they committed legal errors or acted with bad faith or malice. In response,

Plaintiff only addresses Potter and argues that his claims allege actions that were administrative in nature and taken without jurisdiction, which removes the potential for absolute immunity. ECF No. 53, p. 6.

Judge Singleton determines that every claim alleged against Potter and Jones is barred by absolute judicial immunity. ECF No. 65, p. 20-24. As to Count V, which Plaintiff brings against Potter and Jones for alleged violations of his right to due process for a delayed initial appearance, ratification of a false document, excessive bail, and denial of counsel, Judge Singleton reasons that every alleged action by Potter and Jones were activities judges typically engage in and are protected by absolute immunity. Judge Singleton repeats this analysis and reaches the same conclusion for Claim IX, which similarly alleges that Potter violated Plaintiff's due process rights under the same factual circumstances as Count V. As to Count VI, in which Plaintiff alleges Potter violated his right to equal protection based on the same facts as Count V and IX with the added assertion of racial animus, Judge Singleton again determines that all of Potter's alleged actions were taken in a judicial capacity and enjoy absolute immunity. This pattern continues with Count VII and Count X, which allege a conspiracy to violate rights and a conspiracy to obstruct justice and commit fraud on the court, respectively. Judge Singleton reasons that he already determined that the alleged conduct underlying these conspiracy claims consists of actions entitled to absolute immunity and thus Count VII and Count X fail against any judicial Defendant.[3]

Plaintiff objects to Judge Singleton's analysis and recommendation. ECF No. 72, pp. 3-4, 12-15. Plaintiff broadly argues that Potter and Jones's alleged actions were non-judicial in nature and taken in the absence of jurisdiction, which removes absolute immunity. Plaintiff contends that

---

[3] The Court will note one departure from Judge Singleton's reasoning but not his ultimate conclusion. Judge Singleton asserts that Plaintiff made no allegations against Jones in Count VII. As can be seen in the summation of the claims earlier in this Order, the Court construed Count VII to assert a claim against Jones. This does not alter the Court's conclusion that the factual allegations supporting Count VII entitle Jones to absolute immunity.

14

conduct such as entering fraudulent documents into the record, approving an illegal detention, and approving excessive bail are either administrative or ministerial acts not performed in a judicial capacity. Plaintiff also cites his allegation that the felony charge against him progressed despite the lack of a probable cause hearing as demonstrating that the judicial Defendants acted with a complete absence of jurisdiction.

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985) (quotation omitted). Judicial immunity is "grounded in a 'general principle of the highest importance,' that 'a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020) (quoting *Mireles v. Waco*, 502 U.S. 9, 10 (1991)). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11 (citation omitted).

Judicial immunity is inapplicable in two circumstances: 1) for "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity" and, 2) for "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Hamilton*, 948 F.3d at 925 (quotation omitted) (italics in original). "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (italics in original); *and see Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) ("An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity.") (quotation omitted). The scope of a judge's jurisdiction "must be construed broadly where the issue is the

15

immunity of the judge." *See Stump*, 435 U.S. at 356. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]" *Id*. A judge acts in complete absence of jurisdiction, and not merely in an excess of authority, when they exercise authority entirely outside their domain, such as a probate judge attempting to try a criminal case. *See id*. at 357 n.7.

Upon review, the Court finds that Potter and Jones are entitled to judicial immunity for all claims against them. The Court views the actions of Potter and Jones that allegedly violated Plaintiff's constitutional rights as judicial in nature and done in their judicial capacity. Conducting hearings, creating records of court proceedings, setting bail, and overseeing sentencing are all actions "normally performed by a judge" and subject to judicial immunity. *Schottel*, 687 F.3d at 373. These were not administrative actions excluded from judicial immunity, such as making hiring and firing decisions regarding court employees. *See Forrester v. White*, 484 U.S. 219, 229-30 (1988). Further, regarding the claims asserting a conspiracy amongst the Defendants, a judge's alleged participation in a conspiracy with the prosecution to distort proceedings does not evade immunity if the judge's alleged actions were of a judicial nature. *See Woodworth*, 891 F.3d at 1091-91. The Court is also not persuaded by Plaintiff's argument that Potter or Jones's alleged errors created a complete lack of jurisdiction removing absolute immunity. Even if "grave procedural errors" made their exercise of authority flawed or impacts the validity of their actions, Plaintiff's allegations do not demonstrate that Potter or Jones had no jurisdiction to oversee any such criminal proceedings in a judicial role. *See Stump*, 435 U.S. at 357 n.7, 359. Plaintiff's allegations that either Potter or Jones acted maliciously does not alter their entitlement to absolute immunity. *See Stump*, 435 U.S. at 356. Accordingly, the Court will adopt this aspect of Judge Singleton's R&R and dismiss the claims against Defendants Potter and Jones with prejudice.

**F. Injunctive Relief**

Liberally construing the Amended Complaint, Judge Singleton presumes that Plaintiff's request for relief includes injunctive relief against Potter and Jones. ECF No. 65, p. 24-25. Judge Singleton then notes that injunctive relief against a judicial officer is barred unless that judicial officer allegedly violated a declaratory decree or declaratory relief is unavailable. Further noting that Plaintiff has not alleged the prerequisites for seeking injunctive relief against the judicial Defendants, Judge Singleton recommends that any injunctive relief Plaintiff might seek against Potter or Jones be dismissed. Plaintiff did not address this aspect of the R&R in his objections. Upon review, finding no clear error and that Judge Singleton's reasoning is sound, the Court adopts this aspect of the R&R. Thus, even if Potter and Jones were not entitled to judicial immunity, any request for injunctive relief against them would be dismissed.

**G. Claims Against Trooper Young**

Movants argue that all of Plaintiff's claims against Trooper Young are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) because prevailing on any claim would overturn or invalidate his conviction. ECF No. 51, p. 6-7. Movants also argue that Trooper Young is entitled to qualified immunity for the claims against him. *Id*. at p. 9-10. In response, Plaintiff disputes that *Heck* applies to any of his claims but does not address the issue of whether Trooper Young is entitled to qualified immunity. ECF No. 72, pp. 10, 16.

Judge Singleton determines that *Heck* does not bar Plaintiff's claims against Trooper Young. ECF No. 65, p. 17-19. Judge Singleton reasons that certain evidentiary rules indicate that Plaintiff's conviction would not necessarily be invalidated if he is successful with his claims related to Trooper Young's traffic stop, arrest, and relocation of Plaintiff. Judge Singleton also determines that Trooper Young is not entitled to qualified immunity for Plaintiff's claims because

17

the constitutional right allegedly violated was clearly established at the time of the events giving rise to the claims. *Id*. at p. 30-33. Therefore, Judge Singleton recommends that Movants' motion to dismiss be denied in part and that all claims against Trooper Young be permitted to proceed.

Movants did not file objections to the R&R. Plaintiff objected, asserting that Judge Singleton commits several errors in forming his recommendation regarding Trooper Young. ECF No. 72, pp. 5-7, 15-19. However, these alleged errors are simply Plaintiff's disagreements with how Judge Singleton characterizes the claims or does not give enough attention to certain factual allegations. Plaintiff ultimately agrees with Judge Singleton when he argues that *Heck* does not apply to his claims against Trooper Young and that Trooper young should not receive qualified immunity. Thus, the Court does not find it necessary to conduct a de novo review in the absence of any substantive objections to this aspect of the R&R. Upon review, finding no clear error on the face of the record and that Judge Singleton's reasoning is sound, the Court will adopt this aspect of the R&R. Accordingly, Movants' request to dismiss the claims against Trooper Young will be denied and Plaintiff's individual capacity claims against Trooper Young may proceed.

## IV. CONCLUSION

For the reasons stated above, the Court hereby adopts Judge Singleton's R&R (ECF No. 65) in toto. Accordingly, Movants' Motion to Dismiss (ECF No. 50) is **GRANTED IN PART** and **DENIED IN PART**. Specifically:

1) Defendant Bryant is DISMISSED from this case;

2) Plaintiff's official capacity claims against Defendants Bryant, Young, Cotten, Potter, and Jones and DISMISSED WITH PREJUDICE on sovereign immunity grounds;

3) Plaintiff's individual capacity claims against Defendant Cotten are DISMISSED WITH PREJUDICE pursuant to prosecutorial immunity and Defendant Cotten is

DISMISSED from this case;

4) Plaintiff's individual capacity claims against Defendant Potter and Defendant Jones are DISMISSED WITH PREJUDICE pursuant to judicial immunity and Defendant Potter and Defendant Jones are DISMISSED from this case; and

5) Plaintiff's individual capacity claims against Defendant Trooper Young may proceed.

**IT IS SO ORDERED**, this 26th day of March, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge